IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**PLAINTIFF'S ORIGINAL COMPLAINT**

| | | |
|---|---|---|
| **DEMARCUS BROWN, INDIVIDUALLY,** | § § § § | |
| **Plaintiff,** | § § § | |
| v. | § § § § | **CIVIL ACTION.**_____ |
| **CITY OF BEAUMONT, ERIN SMITH, C.L. SPEARS, K.L. BEAN, K.G. STEVENSON, CODY FOOTE WAL-MART STORES, INC., WAL-MART SUPERCENTER STORE #651, and WAL-MART STORES OF TEXAS, LLC** | § § § § § § § § § § § | **JURY TRIAL REQUESTED** |
| **Defendants.** | § § | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Plaintiff Demarcus Brown, Individually, (hereinafter referred to collectively as "Plaintiff") file this Original Complaint against Defendants City of Beaumont, Erin Smith, C.L. Spears, K.L. Bean, K.G. Stevenson, Cody Foote and Wal-Mart Inc. (hereinafter referred to as "Defendants") for the following reasons:

**I.
PARTIES**

1.1  Plaintiff is a person of the full age of majority and a resident of Beaumont, Texas, Eastern District of Texas. Demarcus Brown sues on behalf of himself individually.

1.2   Defendant City of Beaumont a governmental entity and may be served by serving Mayor Becky Ames at City Hall located at 801 Main Street, Beaumont, TX 77071.

1.3   Defendant Erin Smith is a police officer with the City of Beaumont at the time of the events complained of and may be served at 255 College Street Beaumont, TX 77701 or any place where he may be found.

1.4   Defendant C.L. Spears is a police officer with the City of Beaumont at the time of the events complained of and may be served at 255 College Street Beaumont, TX 77701 or any place where he may be found.

1.5   Defendant K.G. Stevenson is a police officer with the City of Beaumont at the time of the events complained of and may be served at 255 College Street Beaumont, TX 77701 or any place where he may be found.

1.6   Defendant Cody Foote is a police officer with the City of Beaumont at the time of the events complained of and may be served at 255 College Street Beaumont, TX 77701 or any place where he may be found.

1.7   Defendant Wal- Mart Stores, Inc.,.,. is a foreign corporation licensed to do business in Texas and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent, Corporation Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

1.8.   Defendant, Wal-Mart Supercenter Store #651, is a foreign corporation and may be served with process by serving its Manager on duty or any Manager on duty, at Wal-Mart Supercenter Store #651 4145 Dowlen Rd., Beaumont, Texas 77706.

1.9   Defendant Wal-Mart Stores of Texas, LLC is a limited liability corporation licensed to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## II.
## JURISDICTION AND VENUE ALLEGATIONS

2.1   This Court has federal question jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1982, 1983, 1985 and 1988, as well as under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and federal laws. This case involves the unreasonable arrest, use of excessive force, and deprivation of constitutional rights belonging to Demarcus Brown, by a state actor and/ or under color of state law which included, but is not limited to, deprivation of Demarcus Brown's liberty and freedom interests from excessive and unreasonable force, cruel and unusual use of force, false imprisonment and improper seizure of Demarcus by Defendant.

2.2   Venue is appropriate in the Eastern District of Texas under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Eastern District of Texas. Also, venue is appropriate to brings claims against all Wal-Mart entities under 28 USC § 1367 regarding the courts supplemental jurisdiction.

## III.
## NOTICE ALLEGATIONS AND FACTS COMMON TO ALL COUNTS

3.1   On or about April 04, 2016 Demarcus Brown was the victim of a brutal and excessive police beating on or about April 4, 2016. The beating was captured on video and the video has been filed with the court.  On the date in question, officers of the Beaumont

Police Department participated in the arrest of unarmed Demarcus Brown, on 4145 Dowlen Rd. at Walmart store in Beaumont, Texas.

3.2     The officers had received a call from Wal-Mart's loss prevention for a theft in progress with Demarcus Brown as the alleged suspect.

3.3     However, upon the officers' arrival Demarcus Brown had yet to commit any crime before the officers proceeded to pursue him.

3.4     Demarcus, after being confronted by police officers, lay on the ground, placed his hands behind his head and neck in an obvious position of surrender, and despite the fact that Demarcus had clearly and un-mistakenly surrendered to police custody, officers began to tased him and an officer repeatedly struck Demarcus's face with a flashlight. Such use of force was traumatic, cruel and unreasonable, especially given the obvious and unconditional surrender of this unarmed man to armed police officers. There is no justification or reasonable basis of law, fact or otherwise to justify the officers brutal attack on unarmed Demarcus after he had plainly surrendered to police officers.

3.5     As a result of the officers excessive and unreasonable use of force against the unarmed man, Demarcus has sustained head, neck and brain injuries. Medical records reveal that Demarcus suffered grave injuries and many abrasions. He also suffered from a fractured eye socket and received several stiches. The shirt of Demarcus Brown was covered with blood from the brutal and savage beating by Beaumont police officers.

3.6     The officers abusive conduct was captured on videotape documenting the unconstitutional effectiveness of their conduct.

All of these actions constituted excessive and unreasonable force to seize an obviously surrendered victim. While police officers are constitutionally permitted to use force for

legitimate police purposes, they are not given constitutional license to use excessive and unreasonable force, especially where a suspect has obviously and completely surrendered to their control. There is no constitutionally reasonable basis for the defendant officers' conduct or for their violent and repetitive beating of Demarcus Brown.

1. The officers knew or could readily have seen that Brown had surrendered before they began their savage beating of this young man;

2. The officers were in close proximity to one another and could observe the unreasonable actions of the other officers, especially the actions of the most vicious actors;

3. Defendants conduct was such a vicious and unwarranted nature that the other officers had a duty to stop or intercede to end the Defendant's brutality against Demarcus-none did.

Plaintiff asserts, based on information and belief, that Defendants cannot justify their flagrant, savage, excessive, brutal and unreasonable use of force against and obviously-surrendered man.

3.7    Plaintiff asserts that the obvious silence and failure of the defendants' co-workers as well as the defendants to report the brutal beating was in furtherance of a code of silence about what happened. Essentially, all of the participating officers knew and/or had ample reason to know that unreasonable, excessive and unconstitutional force had been used against Brown such that each of them, including Defendants, should have reported the wrongdoing.

3.8    Plaintiff alleges that City of Beaumont policies, practices and customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to

show that there was a failure to supervise or correct wrongful behavior by these officers; there was a culture of silence and toleration of such conduct and/or there was a failure to train on non-lethal use of force.

3.9   In pleading more s

## IV.
## CLAIMS FOR RELIEF

4.1   Relying on the foregoing allegations, and such proof as may be discovered in this case and adduced at trial, Plaintiff now brings suit against defendant Wal-Mart, and for causes of action asserts the following.

4.2   Relying on the foregoing allegations, and such proof as may be discovered in this case and adduced at trial, Plaintiff now brings suit against defendants City of Beaumont , Officers Erin Smith, C.L. Spears, K.L. Bean, K.G. Stevenson and Cody Foote for causes of action that assert the following

### 42 U.S.C. §§1983, 1982 and 1988.

4.3   Plaintiff asserts that defendant's conduct exceeded the constitutional limits prescribed for the use of reasonable force to seize the person of a suspect

4.4   Defendants, acting under color of law and within the scope of their responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifference deprived Demarcus Brown of his constitutional rights. As state actors under color of law, Defendants abridged Brown's constitutional liberty interests and right to be free from unreasonable and excessive seizure. As such, Plaintiff sues Defendants, as state actors under color of law, pursuant to 42 U.S.C. § 1983 for violations of Brown's liberty and freedom interests. Brown seeks all compensable damages.

4.5     Plaintiff also alleges that the City of Beaumont failed to supervise the defendants named in this suit. Also, such defendants demonstrate a collective failure to use reasonable force and demonstrate a lack of training regarding the use of non-lethal force and proper arrest procedures. Further, there is evidence of a clear culture of silence among officers of the municipality-demonstrated by the complete failure of any of the involved officers to report this obviously unwarranted beating. Plaintiff asserts that the culture of silence and lack of non-lethal force and lack of supervision were the moving force for the unreasonable and unconstitutional conduct complained of herein. The City of Beaumont is, therefore, now joined as a defendant in this suit.

4.6     Plaintiff alleges that City of Beaumont policies, practices and customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise or correct wrongful behavior by these officers; there was a culture of silence and toleration of such conduct and/or there was a failure to train on non-lethal use of force.

## VIII.

## WAL-MART- FALSE IMPRISONMENT

Plaintiff re-allege Paragraphs 4.1- 4.4 of the Complaint.

5.1      On April 04, 2016, Officers acted under direction of Wal-Mart as the arrest and imprisonment was instigated by loss prevention.

5.2     Under the law, liability for false imprisonment extends not only to those who willfully participate in detaining the complaining party, but to those who request or direct detention. The Defendant Wal-Mart willfully caused the City of Beaumont Police officers

to detain and brutally beat plaintiff; the detention was without plaintiff's consent; and the defendant Wal-Mart was without legal authority or justification.

Plaintiff re-allege Paragraphs 4.1- 4.4 of the Complaint

## IX.

## WAL-MART

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.3   Wal-Mart Loss Prevention employees acted intentionally or recklessly; Wal-Mart Loss prevention employees conduct was extreme and outrageous; Wal-Mart's Loss prevention employees conduct proximately caused the plaintiff emotional distress; and the emotional distress suffered by plaintiff was severe.

## X.

### WAL-MART NEGLIGENCE

Plaintiff re-allege Paragraphs 4.1- 4.4 of the Complaint

5.4   Plaintiff would submit to the Court that the conduct on the part of the Defendants, acting by and through its agents, servants and/or employees, was negligent and such negligence proximately caused the accident and injuries in question.

5.5   At all times pertinent herein, Defendants, its agents, servants and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

      A.    Failing to prevent the City of Beaumont police officers from apprehending Demarcus Brown because he did not commit a theft per Wal-Mart Store policies and procedures related to apprehended shoplifters and thereby creating a dangerous situation involving police on their private property;

   B. Failing to protect Demarcus Brown from the City of Beaumont police officers who violently and brutally beat him because the Wal-Mart Loss prevention employee thought a theft would take place;

## XI.
## REQUEST FOR ATTORNEY'S FEES

6.1 Plaintiff seek recovery of attorney's fees and costs as permitted under 42 U.S.C. §§1988.

## XII.
## DAMAGES

### DAMAGES AGAINST WAL-MART STORES, INC., WAL-MART SUPERCENTER STORE #651, and WAL-MART STORES OF TEXAS, LLC

6.2 As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Demarcus Brown was caused to suffer loss, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

6.3 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Demarcus Brown has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Demarcus Brown for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Jefferson County, Texas;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Mental anguish in the past;

   E. Physical pain and suffering in the future;

    F.    Mental anguish in the future;

    G.    Physical impairment in the past;

    H.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    I.    Loss of earnings in the past;

    J.    Loss of earning capacity which will, in all probability, be incurred in the future;

    K.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    L.    Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    M.    Loss of Household Services in the past;

    N.    Loss of Household Services in the future;

    O.    Disfigurement in the past;

    P.    Disfigurement in the future;

    Q.    Cost of medical monitoring and prevention in the future; and

6.4    By reason of the above, Plaintiff, Demarcus Brown has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XIII.

## JURY DEMAND

7.1    Plaintiff request that this action be heard before a jury.

## XIV.

## REQUEST FOR ATTORNEY'S FEES

7.2    Plaintiff seek recovery of attorney's fees and costs as permitted under 42 U.S.C. §§1988.

## XV.

## PRAYER FOR RELIEF

8.1    Plaintiff, prays for judgment on his behalf against all Defendants jointly, severally, and as follows: Given the above, Plaintiff Demarcus Brown, asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against the Defendants and others to be identified in at least the following particulars:

1. Actual and compensatory damages in an amount not to exceed 7 million dollars against all Defendants;
2. Punitive damages against the individual officer Defendants as determined by the court and/or jury;
3. Pre-and post judgment interest;
4. Cost of court;
5. Attorney's fees and
6. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

THE COX PRADIA LAW FIRM PLLC

By: */s/ Troy J. Pradia*
Troy J. Pradia
Texas Bar No. 24011945
Fed. Bar No. 30260
1415 N. Loop West, Ste. 200
Houston, Texas 77008
Tel. 713.739.0402
Fax 713.752.2812
ATTORNEY FOR PLAINTIFF